CITY OF LAKEWOOD, APPELLANT, *v.* THORMYER, ACTING DIRECTOR OF HIGHWAYS, ET AL., APPELLEES.*

(No. 24761—Decided April 16, 1959.)

*Mr. George Fedor*, director of law, *Mr. Ashley M. Van Duzer, Mr. Clay Mock* and *Mr. William R. Hapner, Jr.*, for appellant.

---

*Judgment affirmed, 171 Ohio St., 135.

*Mr. Mark McElroy,* attorney general, *Mr. Hugh A. Sherer, Mr. Hugh E. Kirkwood, Jr., Mr. John T. Corrigan,* prosecuting attorney, and *Mr. A. M. Braun,* for appellees.

*Per Curiam.* This appeal comes to this court on questions of law from a judgment entered for the defendant by the Court of Common Pleas of Cuyahoga County.

The case before the Court of Common Pleas was an appeal from a resolution of the Director of Highways of the state of Ohio declaring the necessity for relocating and improving a certain highway, including the construction of a new bridge over Rocky River, wholly within the city of Lakewood, to which improvement the legislative authority of Lakewood refused to consent. The procedure by which this action was instituted by the city of Lakewood was on the authority of Section 5521.01 of the Revised Code.

The record shows that each step required by law to the point of judicial review of the issues here presented was followed out in detail and the evidence establishes the following:

(1) A federal aid primary highway or a federal aid interstate highway located within Lakewood is involved.

(2) The Director of Highways of Ohio determined that there is urgent need for the proposed improvement and relocation of the road involved so as to accommodate the traveling public.

(3) A request in writing was submitted to the legislative authority of the city of Lakewood seeking consent to the improvement.

(4) Within sixty days of notice, the legislative authority of Lakewood refused to grant consent to the making of the improvement, the council filing in writing with the director its reasons therefor and suggested alternate proposals.

(5) The director considered the reasons for refusing consent and, by resolution, spread upon his journal, set out the urgent necessity for the improvement as proposed by him and his intention to proceed.

(6) A certified copy of the resolution was properly served on the City Council of Lakewood.

(7) Within twenty days of the service of notice of such

resolution upon the council, together with a copy thereof, an appeal to the Court of Common Pleas of Cuyahoga County was filed by the city.

With all the foregoing steps taken and the necessary facts determined, only two questions remain, namely, the constitutionality of the empowering legislation and the question of fact for the court as to the reasonableness and necessity of the action provided for in the resolution of the Director of Highways filed with the City Council of Lakewood. On the constitutional question, we find no debatable constitutional question presented. The statutes involved are clearly constitutional and the constitutional rights of the city, under the home-rule provision of the Constitution, are not here involved. Further, there is an abundance of evidence in the record of sufficient weight to support the court's conclusion that the improvement proposed is urgently needed to accommodate the traveling public.

For the foregoing reasons and for the reasons generally stated in the opinion of the trial court, the judgment is affirmed.

*Judgment affirmed.*

HURD, P. J., KOVACHY and SKEEL, JJ., concur.